[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12607

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MAURICE DAUGHTRY,
a.k.a. Black,
a.k.a. Smoke,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

D.C. Docket No. 2:21-cr-00190-MHT-SMD-1

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Maurice Daughtry pleaded guilty to conspiracy to possess with intent to distribute oxycodone in violation of 21 U.S.C. § 846, pursuant to a written plea agreement containing a sentence-appeal waiver. The district court sentenced Daughtry to 130 months' imprisonment to be followed by 3 years' supervised release.[1] Daughtry appeals arguing that his sentence is substantively unreasonable. The government moves to dismiss this appeal pursuant to the sentence-appeal waiver in Daughtry's plea agreement.[2] After review, we conclude that the sentence-appeal waiver is valid and enforceable. Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence-appeal waiver is valid and enforceable if it is entered into knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was

---

[1] The district court granted Daughtry's request for a downward variance and varied below the guidelines range of 168–210 months' imprisonment.

[2] Daughtry did not file a response to the government's motion to dismiss.

made knowingly and voluntarily, the government must demonstrate that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351.

Daughtry's plea agreement contained the following appeal waiver:

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.[3]

At the change-of-plea hearing, the magistrate judge confirmed that Daughtry read the entire plea agreement, understood it, and signed it.[4] The magistrate judge explained that, by pleading guilty, Daughtry was giving up his "right to appeal or

---

[3] The plea agreement also provided that, "if the government decides to exercise its right to appeal, the defendant is released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742(a)."

[4] Daughtry consented to entering his plea before the magistrate judge.

collaterally attack all or part of [his] sentence except as to ineffective assistance of counsel or prosecutorial misconduct," and Daughtry stated that he understood. The magistrate judge then explained that Daughtry faced a maximum sentence of 20 years' imprisonment, that his sentence would be determined at a later date, and that the court could vary from the applicable guidelines range up to the statutory maximum. Daughtry confirmed that he understood. Daughtry further confirmed that there were not any provisions in the agreement that he did not understand and agreed that he was "willing to be bound by all of the provisions." Daughtry also confirmed that he was pleading guilty freely and voluntarily because it was in his best interest to do so and because he was in fact guilty. Thereafter, the magistrate judge found that Daughtry's guilty plea was knowingly and voluntarily entered. The district court later adopted the magistrate judge's decision.

Accordingly, the record establishes that Daughtry's sentence-appeal waiver was knowingly and voluntarily made and is enforceable. *Bushert*, 997 F.2d at 1351; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Because Daughtry's claim that the sentence is substantively unreasonable does not fall within the limited exceptions to the

22-12607            Opinion of the Court                5

valid sentence-appeal waiver, the waiver forecloses his appeal. Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**